## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTEZ THIGPEN, Inmate #B77269,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **CIVIL NO. 07-162-DRH** |
| **ROGER E. WALKER, JACKIE** ) | |
| **MILLER, WARDEN MERCHANT, LT.** ) | |
| **MITCHELL, and KENNETH L.** ) | |
| **HAMILTON,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of

his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a

preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

**FACTUAL ALLEGATIONS**

Based on the factual statements of the Plaintiff, and the exhibits submitted with the complaint, the Court has gleaned the following. On September 23, 2006, Plaintiff, an inmate at Tamms Correctional Center, while housed in the Cook County Jail on a court writ, assaulted three jail guards, stabbing two with a metal object, and causing a head wound to the third. Plaintiff was charged with and found guilty of misconduct by the Cook County Jail, and was disciplined with time in segregation. Upon his return to Tamms, he received an Illinois Department of Corrections ("IDOC") disciplinary report charging him with "violent assault of any person" for the assault at the jail. On October 24, 2006, a disciplinary hearing was held, and Defendants Mitchell and Hamilton found him guilty of the charge. He was disciplined with one year c-grade, an indeterminate time in segregation, revocation of one year good conduct credit, a one-year commissary restriction, a six-month contact visit restriction, and a three-month yard restriction.

Plaintiff argues that the IDOC disciplinary hearing violated his due process rights for the following reasons. First, he should not have been disciplined twice–by both the Cook County Jail and the IDOC–for the same incident. Second, the IDOC did not have "jurisdiction" over him at the time of the incident. Third, he did not receive the disciplinary report within eight days, as required by IDOC rule. Fourth, his witnesses were not called at the hearing.

**LEGAL STANDARDS**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her

confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation indefinitely, but not for longer than the remaining term of his incarceration. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation at Tamms. Therefore, Plaintiff's due process claim is without merit.

Plaintiff was also demoted to c-grade for one year, denied commissary privileges for one year, denied contact visits for six months, and denied yard access for three months. However, these allegations do not present viable constitutional claims. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade

status and loss of commissary privileges).

A loss of good conduct credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the October 2006 disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  March 12, 2007**

/s/    David   RHerndon
**DISTRICT JUDGE**