# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTEZ THIGPEN, Inmate #B77269,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 07-162-DRH** |
| ) | |
| **ROGER E. WALKER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Currently pending before the Court are Plaintiff's motions to reconsider the Court's judgment dismissing the case (Doc. 10), and to amend the complaint (Doc. 9).

### MOTION TO RECONSIDER

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on March 12, 2007, and Plaintiff indicates that the

motion was "executed" on March 21, 2007, although the Court did not receive it until April 2, 2007. Giving Plaintiff the benefit of the doubt regarding time for mailing, the Court finds that the instant motion was filed within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915A, without prejudice to his refiling his due process claim in a habeas action after he has exhausted his state remedies, was correct. Therefore, the instant motion (Doc. 10) is **DENIED**.

### MOTION TO AMEND COMPLAINT

Also pending before the Court is Plaintiff's post-judgment motion to amend the complaint. He seeks leave to amend so that he might submit exhibits, however, he did not present any proposed exhibits with the motion. As such, the motion (Doc. 9) is **DENIED**. See Local Rule 15.1 ("the original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted"); Fed. R. Civ. P. 15.

The Court also notes that when a motion to amend is filed after judgment has been entered, "the presumption in favor of liberality in granting motions to amend [under Rule 15(a)] is reversed." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002), *quoting Vicom Inc. v. Harbridge Merchant Services Inc.*, 20 F.3d 771, 785 n. 13 (7th Cir. 1994). Where a plaintiff wishes to amend

his complaint after judgment, he may do so only after the judgment has been vacated or set aside pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b) and the case has been reopened. *See Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997).  Here, Plaintiff's motion to alter or amend judgment is without merit, and has been denied.

**IT IS SO ORDERED.**

**DATED:** April 17, 2007.

/s/    David    RHerndon
**DISTRICT JUDGE**